**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 09a0229n.06
Filed: March 24, 2009

**No. 08-5228**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| Dennis R. Hobbs, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| W. Scott Duggins, individually; The Duggins | ) | COURT FOR THE WESTERN |
| Law Firm, a Professional Law Corporation; | ) | DISTRICT OF TENNESSEE |
| and LeBlanc Butler, LLC, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |
| | ) | |

Before:     KEITH, COLE and McKEAGUE, Circuit Judges.

**KEITH, Circuit Judge.**   In this action involving alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq*. ("FDCPA"), and Tennessee state tort law, Plaintiff-Appellant Dennis R. Hobbs ("Hobbs") appeals the district court's grant of Defendants-Appellees' W. Scott Duggins ("Duggins"), The Duggins Law Firm ("Duggins Law") and LeBlanc Butler, LLC's ("L&B") motion to dismiss Hobbs's complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.   We **AFFIRM** the district court's decision regarding all issues on appeal.

Hobbs, a resident of the state of Tennessee, was president of Network Cabling & Technologies, LLC, ("NCT"), a corporation facing legal action in the state of Louisiana.   NCT hired L&B, a Louisiana law firm, to represent NCT in the lawsuit.   On November 23, 2003 – the eve of

NCT's trial – an L&B attorney assigned to the NCT matter advised Hobbs that L&B would not continue with the representation unless Hobbs signed a personal guaranty or other contract to pay the attorney fees accrued to date. That same day, Hobbs executed a "Continuing Guaranty" agreement ("the guaranty") with L&B, whereby Hobbs and another NCT principal "agreed, at the request of L&B, to jointly and severally guarantee unconditionally any and all financial obligations of NCT to L&B, up to an amount of $50,000."[1]

Subsequently, L&B filed a lawsuit against Hobbs in Louisiana state court seeking to enforce the terms of the guaranty. L&B retained Duggins (a Louisiana resident), and Duggins Law (a Louisiana law firm) to represent L&B in its collection action against Hobbs. Defendants obtained a judgment against Hobbs in Louisiana, and thereby attempted to collect the debt from Hobbs. In response to Defendants' attempt to collect the debt, Hobbs filed an action against Defendants, alleging violation of the FDCPA.

On January 16, 2008, the district court granted Defendants' motion to dismiss Hobbs's complaint for failure to state a claim upon which relief may be granted, pursuant to Fed. R. Civ. P. 12(b)(6), on the grounds that the "debt" Hobbs owed Defendants was a business debt and thus, not subject to the provisions of the FDCPA. After disposing of Hobbs's federal claim, the court exercised its discretion not to retain jurisdiction over his state law claims, thereby dismissing those claims against Defendants, without prejudice.

---

[1]We do not address the circumstances around L&B's actions and Hobbs's signing of the guaranty, as they are not relevant to the issues on appeal.

We review a district court's decision to dismiss a claim pursuant to Fed. R. Civ. P. 12(b)(6) *de novo*. *Mich. Paytel Joint Venture v. City of Detroit*, 287 F.3d 527, 533 (6th Cir. 2002). In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted, we must construe the complaint in the light most favorable to the plaintiff, and accept as true all of the complaint's factual allegations. *Marks v. Newport Credit Group, Inc.*, 342 F.3d 444, 452-53 (6th Cir. 2003). We affirm such a dismissal "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorena N.A.*, 534 U.S. 506, 514 (2002) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). We review a district court's decision not to exercise supplemental jurisdiction over state law claims following its dismissal of asserted federal claims for abuse of discretion. *Weeks v. Portage County Exec. Offices*, 235 F.3d 275, 279-280 (6th Cir. 2000).

Hobbs contends that the district court erred in finding that the legal fees owed as a result of the guaranty were not subject to the provisions of the FDCPA because they constituted a "business" debt, rather than a "personal" or consumer debt. In addition, Hobbs argues that the district court erred in declining to exercise supplemental jurisdiction over his state law claims.

Based upon a thorough review of the record, the parties' briefs, and the applicable law, we find that the district court correctly granted Defendants' motion to dismiss Hobbs's complaint. We also find that the court did not err in declining to exercise supplemental jurisdiction over Hobbs's remaining state law claims against Defendants. Moreover, because the district court's detailed opinion accurately sets out the law pertaining to the issues raised on appeal and clearly articulates the rationale underlying its decision, we find that issuance of a full written opinion by this Court is

unwarranted. Accordingly, for the reasons set forth in the district court's order dated January 16,

2008, we **AFFIRM**.